UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WARWICK, on behalf of himself and
all others similarly situated,

        Plaintiff,

v.                                                  Case No. 20-C-1556

SCHNEIDER NATIONAL, INC. and
SCHNEIDER FINANCE, INC.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff John Warwick, an Illinois resident, brought this putative class action against Defendants Schneider National, Inc. and Schneider Finance, Inc., claiming that Defendants improperly classified thousands of drivers, including himself, as independent contractors rather than employees. As a result of this misclassification, Warwick claims that Defendants have evaded their obligations to pay these drivers their full wages as required by the Illinois Wage Payment and Collection Act (IWPCA) , 820 Ill. Comp. Stat. §§ 115/1 *et seq*. The case was transferred to this district from the District Court for the Northern District of Illinois on October 8, 2020. This Court has diversity jurisdiction based upon 28 U.S.C. § 1332. This matter comes before the Court on Defendants' motion to dismiss. For the reasons that follow, Defendants' motion will be granted and the case will be dismissed.

## BACKGROUND

Schneider National, Inc. and its affiliate Schneider Finance, Inc. are Wisconsin corporations. Compl. ¶¶ 26–27. Schneider National is the parent company of Schneider Finance,

Inc. and Schneider National Carriers, Inc. (which is not a party). Schneider engages in long-haul trucking, and its finance arm leases trucks to operators. *Id*. Warwick worked as an over-the-road truck driver for Schneider from approximately October 2013 through November 2015. *Id*. ¶ 21. He was classified as an owner-operator driver and resided in Illinois. *Id*. ¶¶ 24–25.

On December 1, 2014, and August 29, 2015, Warwick signed two Independent Contractor Operating Agreements with Schneider National Carriers, Inc. to render freight transportation services for Schneider. Dkt. Nos. 50-1 & 50-2. The 2014 Agreement contained a "governing law and choice of forum" provision, providing that "[t]his Agreement shall be governed by the laws of the United States and of the State of Wisconsin, without regard to the choice-of-law rules of that State or any other jurisdiction." Dkt. No. 50-1 at 29, ¶ 34. The 2015 Agreement included similar language, stating:

> This Agreement will be governed by, and will be construed and enforced in accordance with, the substantive laws of the state of Wisconsin, without regard to the principles of conflicts of laws, as applied to contracts entered into and to be performed entirely within that state by its residents (the "State Laws") and any applicable federal laws . . . .

Dkt. No. 50-2 at 32, ¶ 34(a). Warwick voluntarily terminated his contracts with Schneider in November 2015. Warwick asserts that Defendants violated the IWPCA by unlawfully deducting expenses from wages, failing to reimburse business expenses, and failing to timely pay wages and final compensation to Warwick and others. Compl. ¶¶ 60–85.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's

short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). After eliminating allegations not entitled to the presumption of truth, the court must "determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *McCauley v. Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

Under the incorporation-by-reference doctrine, a court may consider documents attached to a Rule 12(b)(6) motion if "they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). In other words, the parties may submit documents mentioned in the plaintiff's complaint without converting the motion to dismiss into a motion for summary judgment. With these standards in mind, the Court turns to the motion to dismiss.

## ANALYSIS

Defendants assert that Warwick's IWPCA claims must be dismissed because, under the choice-of-law provisions contained in the parties' agreements, Wisconsin law, not Illinois law, governs the instant dispute. "A federal court exercising its diversity jurisdiction over state-law claims applies the choice-of-law rules of the state in which it sits." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020). Under Wisconsin choice-of-law principles, the "parties to a contract may expressly agree that the law of a particular jurisdiction shall control their contractual relations," as long as the parties' choice-of-law provision does not violate "important public

3

policies of a state whose law would be applicable if the parties [sic] choice of law provision were disregarded." *Bush v. Nat'l Sch. Studios*, 139 Wis. 2d 635, 642, 407 N.W.2d 883 (1987).

As an initial matter, Warwick asserts that the choice-of-law provisions do not encompass his claims because the plain language of the provisions is limited to the law designated for interpreting the Agreements, not to the statutory rights of the parties. In particular, Warwick argues that the phrase "this Agreement shall be governed" by Wisconsin law lends itself to a narrow construction such that the choice-of-law provisions are limited to the interpretation and construction of the Agreements and do not extend to the enforcement of statutory or other substantive claims. He asserts that, because he does not allege a dispute under the Agreements or any cause of action sounding in contract, the choice-of-law provisions do not comprise his IWPCA claims.

Defendants maintain that Warwick's claims are contractual in nature and require the Court to interpret the parties' agreements, which the IWPCA would essentially render unenforceable. They cite *Lubinski v. Hub Grp. Trucking, Inc.*, 690 F. App'x 377 (6th Cir. 2017), to support their position that courts have enforced choice-of-law provisions, like the ones in the parties' agreements, when a plaintiff brings an IWPCA claim. In *Lubinski*, the plaintiff, like Warwick here, brought an action in the United States District Court for the Northern District of Illinois, alleging that the defendant trucking company improperly classified its drivers as independent contractors and in doing so violated the IWPCA by forcing drivers to assume expenses that it should have paid directly or reimbursed to the drivers. *Id.* at 378. The defendant moved to transfer the case to the Western District of Tennessee, pursuant to the forum selection clause in the parties' contract, which stated, "It is understood and agreed that this lease contract shall be subject to, and shall be governed and interpreted by the laws of the State of Tennessee, and that any action or suit

4

relating to this Agreement shall be brought in the state or federal courts sitting in Memphis, Tennessee, and in no other court." *Id.* The case was transferred to the Western District of Tennessee, and the district court granted the defendant's motion to dismiss, finding that "Tennessee law controlled and under Tennessee law, the plaintiff could not state a claim for violations of the IWPCA" and that "the contract's choice-of-law provision was not equivalent to an unenforceable waiver of [the plaintiff's] rights." *Id.* The Sixth Circuit affirmed dismissal of the plaintiff's IWPCA claims.

In this case, the choice-of-law provisions in the Agreements provide that the Agreements are to be "governed by," "construed," and "enforced in accordance with" the laws of Wisconsin. These provisions do not meaningfully differ from the choice-of-law provision in *Lubinski*, which stated that the "contract shall be subject to, and shall be governed and interpreted by the laws of the State of Tennessee." *Id.* at 378. Warwick's attempt to distinguish this case by asserting that *Lubinski* focused its analysis on the enforceability of the choice-of-law provision, rather than its scope, is to no avail. *Lubinski* could not have dismissed the plaintiff's IWPCA claims without first finding that those claims fell within the scope of the contract's choice-of-law provision. Warwick's claims are dependent upon the Agreements, and like *Lubinski*, the terms of the Agreements fall within the scope of the choice-of-law provision. Accordingly, Warwick's claims are encompassed by the Wisconsin choice-of-law provisions.

Warwick also asserts that the choice-of-law provisions violate public policy. But he has not demonstrated that the application of Wisconsin law is contrary to Illinois public policy. Warwick asserts that the choice-of-law provisions frustrate the "strong public policy of Illinois in regulating employment occurring within its borders and it would deprive an Illinois citizen of the protections of their state's laws for work they do in or connected to Illinois." Pl.'s Br. at 14, Dkt.

5

No. 51. He maintains that forcing him to "waive any ability to assert claims under Illinois law would be all the more repugnant in that there does not appear to be any analogous law in Wisconsin." *Id.* at 15. But as the Sixth Circuit in *Lubinski* explained, a choice-of-law provision is not a waiver of rights but a "selection of governing rights." 690 F. App'x at 379. Warwick availed himself of Wisconsin law when he signed the Agreements. In addition, the absence of a Wisconsin statute identical to the IWPCA is not enough on its own to prove that the choice-of-law provisions frustrate public policy.

In sum, Wisconsin, not Illinois, law applies to Warwick's claim. His claims that his contracts with Schneider are unenforceable and void are based entirely on Illinois law. Because Illinois law does not apply, his claims fail. Warwick cannot state a claim for violations of the IWPCA. Defendants' motion to dismiss will therefore be granted.

## CONCLUSION

For these reasons, Defendants' motion to dismiss (Dkt. No. 49) Warwick's complaint is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of May, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge